**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| LUMERIS SOLUTIONS COMPANY, LLC, ) <br> a Delaware Limited Liability Company, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> METHOD FACTORY, INC., ) <br> a Massachusetts Corporation ) <br> ) <br> Serve: Mr. Sumit Nagpal, Registered Agent ) <br>             222 Third Street, Suite 1101 ) <br>             Cambridge, MA 02142 ) <br> ) <br>             and ) <br> ) <br> ACS Acquisition, LLC d/b/a ) <br> "Lumira USA, Inc." ) <br> a Delaware Limited Liability Company ) <br> ) <br> Serve: The Corporation Trust Company, ) <br>             Registered Agent ) <br>             1209 Orange Street ) <br>             Wilmington, DE 19801 ) <br> ) <br> Defendants. ) | Civil Case No. _____ <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff Lumeris Solutions Company, LLC ("Lumeris" or "Plaintiff"), for its Complaint against Defendants Method Factory, Inc. ("MFI") and ACS Acquisition, LLC d/b/a Lumira USA, Inc. ("ACS") (collectively, "Defendants"), alleges and states as follows:

23927016v3

**PARTIES**

1. Plaintiff Lumeris Solutions Company, LLC is a Delaware limited liability company with a principal place of business at 13900 Riverport Drive, Maryland Heights, Missouri 63043.

2. Upon information and belief, Defendant Method Factory, Inc. is a Massachusetts corporation with a principal place of business at 221 Crescent Street, Suite 502, Waltham, Massachusetts 02453.

3. Upon information and belief, Defendant ACS Acquisition, LLC d/b/a "Lumira USA, Inc.", is a Delaware limited liability company with an address at 221 Crescent Street, Suite 502, Waltham, Massachusetts 02543.

**JURISDICTION AND VENUE**

4. Subject matter jurisdiction for this action is based upon federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338, and under 15 U.S.C. § 1121, in that this is an action for trademark infringement and unfair competition under the trademark laws of the United States, 15 U.S.C. § 1051, *et seq.*, the statutes of the states where the unlawful goods and services were sold and marketed, and state common law. Subject matter jurisdiction for all state law claims is based upon 28 U.S.C. §§ 1338(b) and 1367(a).

5. This Court has personal jurisdiction over Defendants because Defendants have distributed or sold products and services with the infringing name within this State, have engaged in acts or omissions within this State causing injury, have distributed products and services used within this State in the ordinary course or trade, or have otherwise made or established contacts with this State sufficient to permit the exercise of

personal jurisdiction.  These acts also include Defendants' website, www.lumira.com, which advertises the products and services under the infringing name and specifically targets the purchasing public in this State.

6. Venue is proper in this District under 28 U.S.C. § 1391(b)-(c) in that Defendants are subject to personal jurisdiction in this District, and a substantial part of the acts or omissions giving rise to these claims occurred in this District.

### FACTS COMMON TO ALL COUNTS

7. Lumeris is a pioneer in population health management solutions.  It offers technology-enabled solutions to support health systems, payers, and providers to more easily manage quality, cost, and utilization.  Its solutions are supported by its cloud-based Accountable Delivery System Platform, which integrates claims, electronic medical records, labs, and pharmacy data and transforms that data into actionable information by seamlessly incorporating it into a provider's workflow.

8. On January 7, 2010, Lumeris's predecessor-in-interest, Wellinx, Inc. ("Wellinx"), a Delaware corporation, having an address at 11477 Olde Cabin Road, St. Louis, Missouri 63141, filed a U.S. application for LUMERIS (in standard word format) for "application service provider (ASP) featuring software and services for use by health insurance companies and other healthcare delivery organizations for managing the cost, quality and payment of healthcare services" in Class 42.  A copy of the application as filed with the U.S. Patent and Trademark Office ("USPTO") is attached as Exhibit A.

9. On September 24, 2010, Wellinx filed a Statement of Use ("SOU"), claiming a February 23, 2010 first use date of the mark.  It was accepted by the USPTO

on October 20, 2010.  Copies of the SOU and the Notice of Acceptance as filed with the USPTO are attached as Exhibit B.

10. On November 23, 2010, the application issued under U.S. Registration No. 3,881,476.  Copies of the registration certificate and the USPTO status report are attached as Exhibit C.

11. On May 11, 2010, Wellinx also filed a U.S. application for a stylized form of LUMERIS for the identical services covered under U.S. Registration No. 3,881,476, and claiming a February 23, 2010 first use date.  A copy of the application as filed with the USPTO is attached as Exhibit D.

12. On December 9, 2010, Wellinx changed its corporate name to Lumeris, Inc.  It recorded the name change with the USPTO on January 6, 2011, which was recorded on Reel/Frame: 004448/0047.  Copies of the Certificate of Amendment and cover sheet are attached as Exhibit E.

13. On December 19, 2013, Lumeris, Inc. assigned all of its rights, title, and interest in and to the LUMERIS mark and the associated applications and registrations, along with the goodwill of the business associated with the mark, to Plaintiff Lumeris Solutions Company, LLC.  The assignment was filed with the USPTO on December 31, 2013 and recorded on Reel/Frame: 005184/0516.  Copies of the Assignment and cover sheet are attached as Exhibit F.

14. On December 28, 2010, the application issued under U.S. Registration No. 3,897,144.  Copies of the registration certificate and the USPTO status report are attached as Exhibit G.

15. Lumeris is currently, and for years has been, a leading supplier of technology-based healthcare managements solutions for the healthcare industry, and during that time Lumeris has devoted substantial resources to branding its products and services with the LUMERIS mark and creating customer recognition and goodwill towards the name and associated products and services.

16. Lumeris's sales and marketing of its products and services under the LUMERIS mark are national in scope, and Lumeris has used this mark in connection with its advertising activities, brand awareness events, and to promote its image. For example, Lumeris has been an exhibitor throughout the years at various trade shows, including the Healthcare Information and Management Systems Society ("HIMSS") conferences and America's Health Insurance Plans Institute conferences. Furthermore, Lumeris has an annual 2.5 million dollar budget to market the LUMERIS mark.

17. Since inception, Lumeris has extensively and continuously used and promoted the LUMERIS mark in connection with its business.

18. As a result of its extensive and dedicated use and continuous promotion of its LUMERIS mark, Lumeris has established and currently owns tremendous and valuable goodwill that inures in its trademark. Lumeris's efforts have been successful and the relevant purchasing public has come to associate the LUMERIS mark with Lumeris.

### DEFENDANTS' UNLAWFUL ACTIVITIES

#### Defendants Have Acted in Concert and Individually to Use the Infringing Name LUMIRA

19. Defendants have been and are designing, distributing, offering for sale, and selling technology-based healthcare management products and services under the

name LUMIRA—a name that is a confusingly similar imitation of Plaintiff's LUMERIS mark.

20. Upon information and belief, Defendants are related entities, particularly regarding their collective use of the name LUMIRA. According to the Form 8-K, which third-party Alere Inc. ("Alere") filed on October 10, 2014 with the U.S. Securities and Exchange Commission, Defendant ACS purchased Alere's subsidiaries, Alere Accountable Care Solutions, LLC ("Alere Accountable") and Wellogic ME FZ – LLC ("Wellogic"). A copy of the Form 8-K is attached as Exhibit H.

21. Sumit Nagpal was the director of Wellogic and served as the Chief Executive Officer and Director of Alere Accountable until his resignation on September 2, 2014. *See id.* He was also the owner of Defendant MFI—the company that sold to Alere in 2011 the business and assets of Alere Accountable and Wellogic. *See id.* He is currently the President and Director of MFI and is the Chief Executive Officer of ACS.

22. On December 4, 2014, ACS filed a U.S. application under the name "ACS Acquisitions [sic], LLC DBA Lumira" for a design mark containing the name LUMIRA for "computer hardware and software, for use with medical patient monitoring equipment, for receiving, processing, transmitting and displaying data" in Class 9, and claiming a first use date anywhere and in commerce of November 19, 2014. ACS eventually abandoned the application on February 25, 2015. Copies of the application and the Request for Express Abandonment, as filed with the USPTO, are attached as Exhibit I.

23. On or about January 10, 2015, MFI registered for the domain name "lumira.com" and started operating a website at www.lumira.com to market and promote

Defendants' technology-based healthcare management products and services under the name LUMIRA.  A copy of the domain name registration, as downloaded on GoDaddy's database and the screenshots of the Solutions page at www.lumira.com are attached as Exhibit J.

## LUMIRA Is Causing Public Confusion with Lumeris

24. LUMIRA is confusingly similar to LUMERIS.  They sound and look so similar that the high risk of confusion is obvious.

25. Moreover, confusion is actually occurring.  In April 2015, Lumeris attended the HIMSS conference in Chicago to advertise and promote its technology-based healthcare management products and services.  While at the conference, several attendees approached Lumeris's representatives at their booth, inquiring about the relationship between Lumeris and Defendants, indicating confusion between LUMERIS and LUMIRA.

26. On May 27, 2015, Lumeris sent a cease and desist letter to Defendants, notifying them of Lumeris's rights in the LUMERIS trademark and Lumeris' objections to Defendants' use.  A copy of the cease and desist letter is attached as Exhibit L.

27. Defendants' use of LUMIRA or other confusingly similar imitations of Plaintiff's LUMERIS mark is likely to continue to deceive, confuse and mislead prospective purchasers into believing that Defendants are associated with, authorized by, sponsored by, or in some other manner affiliated with Lumeris, which they are not.  The actual and continued likelihood of confusion, mistake and deception created by Defendants' misappropriation of Lumeris's mark are causing irreparable harm to the

goodwill symbolized by the LUMERIS mark as well as the reputation for quality, customer service, reliability and experience that it embodies.

## COUNT I
## TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT
## 15 U.S.C. § 1114 et seq.

28. Lumeris restates and realleges the allegations of Paragraphs 1 through 27 of this Complaint.

29. Defendants are marketing, offering for sale, and selling into interstate commerce technology-based healthcare management products and services under the infringing LUMIRA name.

30. Defendants have infringed and continue to infringe Lumeris's federally registered LUMERIS mark as set forth above under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

31. The use and display by Defendants of the infringing LUMIRA name have caused and will continue to cause serious and irreparable injury to the reputation and goodwill of Lumeris for which Lumeris is without adequate remedy at law.

32. Because of Defendants' infringement, Lumeris has been injured and damaged, and is entitled to recover damages, Defendants' profits, and costs pursuant to 15 U.S.C. § 1117.

33. Defendants used and are using and displaying the infringing LUMIRA name with full knowledge of Lumeris's rights in and to the LUMERIS mark, and in bad faith with willful and deliberate intent to trade on Lumeris's substantial recognition, reputation, and goodwill.  In view of the willful nature of Defendants' infringement and unfair competition, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

23927016v3

## COUNT II
## VIOLATION OF § 43(a) OF THE LANHAM ACT
## 15 U.S.C. § 1125(a) – TRADEMARK

34. Lumeris restates and realleges the allegations of Paragraphs 1 through 33 of this Complaint.

35. Defendants are marketing, offering for sale, and selling into interstate commerce technology-based healthcare management products and services under the infringing LUMIRA name.

36. Such activity of Defendants misrepresents the nature, characteristics, or qualities of Defendants' goods and services, and constitutes a false designation of origin, false or misleading description or representation of fact, each of which is likely to cause confusion, mistake, or deception among consumers that Defendants' business is licensed, sponsored, approved, or associated with Lumeris, when, in fact, Defendants have no authorization or permission from Lumeris, and Defendants do not supply, sell, or dispense Lumeris products or services.

37. The conduct of Defendants constitutes unfair competition, false advertising, false designation of origin, false description, and false representation that Defendants' business and products are sponsored, approved, or authorized by Lumeris, all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

38. As a result of Defendants' activities, Lumeris has lost sales and profits and has suffered and will continue to suffer irreparable injury to its business reputation and goodwill. Lumeris's remedy at law is not by itself adequate to compensate it for injuries inflicted and threatened by Defendants.

39. By reason of Defendants' acts of unfair competition, false designation, description, and representation described above, Lumeris has suffered, and will continue to suffer, substantial damage to its business reputation and goodwill, as well as diversion of trade and loss of profits in an amount not yet fully ascertained.

40. Defendants' acts of unfair competition, false designation, description, and representation are causing Lumeris irreparable injury. Defendants continue to commit such acts, and, unless restrained and enjoined, will continue to do so, to Lumeris's irreparable injury. Lumeris's remedy at law is not adequate by itself to compensate it for injuries inflicted and threatened by Defendants.

41. Because of Defendants' conduct in violation of Section 43(a), Lumeris is being injured and damaged, and is entitled to recover damages, Defendants' profits, and costs pursuant to 15 U.S.C. § 1117.

42. Defendants used and are using and displaying the infringing LUMIRA name with full knowledge of Lumeris's rights in and to the LUMERIS mark, and in bad faith with willful and deliberate intent to trade on Lumeris's substantial recognition, reputation, and goodwill. In view of the willful nature of Defendants' infringement and unfair competition, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

## COUNT III
## STATE COMMON LAW UNFAIR COMPETITION

43. Lumeris restates and realleges the allegations of Paragraphs 1 through 42 of this Complaint.

44. Defendants' actions constitute intentional and willful unfair competition and palming off in violation of the common law of Missouri. As set forth more fully above, Lumeris has invested a substantial amount of time, skill and money in its products

and services, and developing its LUMERIS mark. Defendants' acts and conduct in palming off such mark were done without the authorization or consent of Lumeris at little or no cost to Defendants.

45. The intentional and willful unfair competition and palming off by Defendants has caused and will continue to cause serious and irreparable injury to the reputation and goodwill of Lumeris for which Lumeris is without adequate remedy at law.

46. As a direct and proximate result of the Defendants' unfair competitive acts, Lumeris has been injured and damaged, and is entitled to injunctive relief and to recover actual damages, costs, and reasonable attorneys' fees.

47. Defendants' conduct was fraudulent, oppressive, malicious, and in conscious disregard of the rights of Lumeris, and Lumeris is therefore entitled to punitive damages.

## COUNT IV
## STATE TRADEMARK INFRINGEMENT, DILUTION AND DECEPTIVE TRADE PRACTICES

48. Lumeris restates and realleges the allegations of Paragraphs 1 through 47 of this Complaint.

49 Lumeris has extensively and continuously promoted and used the LUMERIS mark and it has become a distinctive, famous and well-known symbol of Lumeris's goods and services.

50. Defendants' unauthorized use of LUMIRA—a confusingly similar imitation of Plaintiff's LUMERIS mark has and will continue to cause confusion, mistake, deception and misunderstanding by creating the false and misleading impression

that Defendants' goods and services are distributed by Plaintiff, or affiliated with, sponsored by, connected with or associated with Plaintiff, or have the consent, endorsement, sponsorship, approval or certification of Plaintiff.

51. Defendants' unauthorized use of LUMIRA—a confusingly similar imitation of Plaintiff's LUMERIS mark—dilutes and is likely to continue to dilute the distinctiveness of Plaintiff's trademark by eroding the public's exclusive identification of this famous mark with Plaintiff, and tarnishing and degrading the positive associations and prestigious connotations of the trademark.

52. Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's LUMERIS mark and to cause dilution of the mark and cause irreparable injury to Plaintiff.

53. Defendants' conduct has caused, and is likely to continue causing, substantial injury to the public and to Plaintiff, and Plaintiff is entitled to injunctive relief and to recover Defendants' profits, actual damages, costs, and reasonable attorney fees pursuant to the laws of the several states in which Defendant has sold products under the LUMIRA name including Alabama, ALA. CODE § 8-12-17; Alaska, ALASKA STAT. §45.50.180; Arizona, ARIZ. REV. STAT. ANN. §44-1448.01; Arkansas, ARK. CODE ANN. § 4-71-213; California, CAL. BUS. & PROF. CODE §14330; Connecticut, CONN. GEN. STAT. ANN. §35-lli(c); Delaware, DEL. CODE ANN. tit.6,  §3313; Florida, FLA. STAT. ANN. § 495.151; Georgia, GA. CODE ANN. §l0-1-451; Hawaii, HAW. REV. STAT. ANN. 9482-32; Idaho, IDAHO CODE  §48- 513; Illinois, 765 ILL. COMP. STAT. ANN. 1036/65; Iowa, IOWA CODE ANN.  § 548.113; Kansas, KAN. STAT. ANN. §81-214; Louisiana, LA. REV. STAT. ANN.  §5l:223.1; Maine, ME. REV.

STAT. ANN. tit. 10, §1530; Massachusetts, MASS. GEN. LAWS. ANN. ch. ll0B, § 12; Minnesota, MINN. STAT. ANN. §333.285; Mississippi, MISS. CODE. ANN. §75-25-25; Missouri, MO. ANN. STAT. §417.061(l); Montana, MONT. CODE ANN. §30-13-33; Nebraska, NEB. REV. STAT. ANN. §87-140; New Hampshire, N.H. REV. STAT. ANN. §350-4:12, New Jersey, N.J. STAT. ANN. 56:3-1 3.20; New Mexico, N.M. STAT. ANN. §57-38-15; New York, N .Y. GEN. BUS. Law §360-1; Oregon, OR. REV. STAT. § 647.107; Pennsylvania, PA. CONS. STAT. ANN. §1124; Rhode Island, R.I. GEN. LAWS §6-2-12; South Carolina, S.C . CODE ANN. § 39-15-1165, Tennessee, TENN. CODE ANN. §47-25-513; Texas, TEX. BUS.& COM. CODE ANN. §16.29; Utah, U T. CODE ANN. §70-3a-403; Washington, WASH. REV. CODE ANN. §19.77.160; West Virginia, W. VA. CODE ANN. 47-2-l3; and Wyoming, WYO. STAT. ANN. § 40-l-115, and Plaintiff therefore is entitled to injunctive relief, Defendants' profits, actual damages and costs, as well as, if appropriate, enhanced profits and damages and reasonable attorneys' fees.

## **PRAYER**

WHEREFORE, Lumeris prays that this Court:

1.      Preliminarily and permanently enjoin Defendants, their agents, servants, employees, affiliates, licensees, attorneys, and all persons in active concert or participation with them or acting for, with, by, through, or under them, from infringing and diluting the LUMERIS mark; from unfair competition with Lumeris or its affiliates; from falsely designating the origin of Defendants' goods and services; and specifically from:

  (a) Using the LUMERIS mark or any other mark or designation confusingly similar thereto, including the LUMIRA name, alone or in combination with any other letters, words, or marks, as a trademark on or in connection with technology-based healthcare management products and services or any related goods or services;

  (b) Committing any other acts calculated to cause consumers to believe that Defendants' goods and services are goods and services of Lumeris or any of its affiliates, or are in any manner sponsored, endorsed, licensed, or approved by Lumeris;

  (c) Otherwise competing unfairly with Lumeris or its affiliates in any manner.

2. Require Defendants to deliver up for destruction any advertisements, promotional materials, and any other tangible items in the possession of Defendants or under their control that evidence any use of LUMIRA or use of any other mark confusingly similar to the LUMERIS mark;

3. Grant to Lumeris an accounting and award and recovery of Defendants' profits, any damages sustained by Lumeris, and the costs of this action, including attorneys' fees, together with a judgment for a sum above the amount found as actual damages, not exceeding three times such amount as provided by 15 U.S.C. § 1117;

4. Grant to Lumeris monetary damages sufficient to support corrective advertising necessary to address the confusion created by Defendants' acts;

5. Award punitive damages as may be determined just and equitable by the Court;

  6. Require Defendants to account for all gains, profits, and advantages derived from its acts of infringement, dilution, and for its other violations of law and that all gains, profits, and advantages so derived by Defendants be deemed to be held in constructive trust for the benefit of Lumeris;

  7. Grant to Lumeris interest on the damages so awarded; and

  8. Grant to Lumeris such further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all counts.

Dated:  May 27, 2015

            Respectfully submitted,

            LATHROP & GAGE LLP

            */s/ Scott Dickenson*
            Scott Dickenson #50478
            LATHROP & GAGE LLP
            Pierre Laclede Center
            7701 Forsyth Blvd., Suite 500
            St. Louis, Missouri 63105
            Telephone:  (314) 613-2800
            Telecopier:  (314) 613-2801
            sdickenson@lathropgage.com

            and

            David R. Barnard (pro hac)
            Donna P. Gonzales (pro hac)
            LATHROP & GAGE
            2345 Grand Boulevard, Suite 2200
            Kansas City, Missouri 64108-2618
            Telephone:  (816) 292-2000
            Telecopier:   (816) 292-2001
            dbarnard@lathropgage.com
            dgonzales@lathropgage.com
            Attorneys for Plaintiffs